*Bergen* vs. *Bolton & Colt.*

---

### BERGEN vs. BOLTON & COLT.

Two defendants being sued, but only one served with process, and the plea not specifying for which defendant it was filed, judgment by mistake was rendered against both. The court had the power at any time during the term to correct the judgment, and make it only against the one served with process.

## ERROR to Marion Circuit Court.

WELLS, *for Plaintiff in error, insists :*

1. If Butler did not appear, (he not having been summoned,) the suit should have abated as to him at the October term, 1844.

It was irregular to proceed in the cause (except to bring him in,) without an abatement as to him. See Stat. on Practice.

2. After an issue, trial and verdict against two defendants, it was irregular and unauthorized, to make an entry to stand for five days earlier, of a verdict and judgment against one.

3. If the issue was with two defendants, the verdict and judgment should correspond. If the issue was with one only, then the first verdict and judgment was irregular and void, and the only remedy was to grant a new trial. The error could not be cured, by entering on the record facts that never existed.

4. The power in the court to make entries *nunc pro tunc*, is one to be exercised by the court to correct the errors of the clerk, but not the errors of the court. The court may supply an omission of the clerk, by causing that to be entered, which ought to have been entered before, but not by entering what the court ought to have done but did not do.

In this as in all cases of amending the records, the court must have something to amend by. He cannot rely on his own memory, or the memory of others, much less can he determine what he ought to have done, and order it to be entered that it was done.

5. The verdict was wrong. The evidence showed a several liability of Bergen, if any; and the verdict was for a joint debt. If the verdict was proper, it was error to set it aside; if it was wrong it could only be remedied by a new trial.

6. When the motions for a new trial and in arrest, were made and overruled, the verdict and

judgment were both confessedly erroneous, for they were afterwards set aside; yet both these motions were overruled; this was then error, and that error could not be cured by another, the *nunc pro tunc* entry.

RICHMOND, *for Defendant in error, insists:*

1. There was conflicting evidence in this case and certainly no great preponderence in favor of the appellant. No instructions were asked, the verdict cannot be disturbed being found by the court. Wilson, *et al.* vs. Burks, 8 Mo. R., 446; Little, *et al.* vs. Nelson, 8 Mo. R., 709; Von Phul vs. City of St. Louis, 9 Mo. R., 49.

2. The judgment as it appears from the whole record should have been in favor of the defendants. McFadin vs. Ripley, 8 Mo. R., 738; do., 707, Swearingen & Bredel vs. Orme.

NAPTON, J., *delivered the opinion of the Court.*

This was an action of assumpsit by the defendants in error against Bergen & Butler. The suit was instituted in March, 1844, and process was served on the plaintiff in error Bergen, the defendant Butler not being found. At the October term, 1844, a plea of *non-assumpsit* was filed by Vanswearingen, attorney for defendant; the plea not specifying for which defendant said attorney acted. At the August term, 1846, the cause was submitted to the court, and the court found the issue for the plaintiffs, and judgment was entered against the defendants for the amount found by the verdict. During the same term the defendant Bergen moved for a new trial, assigning the usual reasons. He also moved in arrest of judgment. On the same day the plaintiffs moved the court to set aside the verdict and judgment as against Butler, for the reason that said Butler was included in the judgment by mistake, he not having been served with process. The two motions of the defendant Bergen were overruled, and the motion of the plaintiffs was sustained, and by order of the court, judgment was entered up then, as of the day when the judgment referred to and set aside was entered, and the suit was dimissed as to the defendant Butler.

The only error assigned, is the action of the court on the motions, in setting aside the judgment as to Butler, and refusing to set aside the verdict and judgment as to both defendants. We see no objection to the course pursued by the Circuit Court. To correct the irregularity in entering up a judgment against both defendants, when only one had been served with process, it was not necessary to open the judgment against the defendant, who had been served with process, and had appeared to and defended the action. No injury resulted to him from such a proceed-

ing, and it was clearly in the power of the court to make the correction. The proceedings all took place at the same term and we see nothing in them irregular or illegal.

The other Judges concurring, the judgment is affirmed.